OPINION
GARY P. SULLIVAN, Chief Justice.

BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY

A jury trial was held in the Fort Peck Tribal court in the matter of Ronald G. Reiser v. William Rathert and Rathert-Lund Ford (CIV-P-991) on July 27-28, 1988, the Honorable Julian Brown, presiding. The jury awarded Reiser $1,219 together with interest at the rate of 16%; the jury awarded William Rathert $4,000 together with interest at the rate of 16%, plus costs of action and attorney fees. No amount was specified as attorney fees.
The jury’s verdict was memorialized in the form of a judgment which was entitled, “Judgment on Jury Verdict” and was entered on August 8, 1988 by Judge Brown. Concurrently, Judge Brown issued a “Certificate of Service” which indicated that copies of the judgment had been sent to both counsel of record by certified U.S. Mail.
According to claimant’s attorney, Judge Brown, at the time of pronouncing the jury verdict, ordered that an affidavit be submitted detailing the attorney fees. Reiser would have ten (10) days to object. This pronouncement was not included in the judgment. According to an affidavit by Rathert’s attorney, the fees were submitted to Judge Brown in September, 1988 without objection from Reiser within the ten days following. Reiser’s attorney contends that she never received a copy of the detailed attorney’s fees. For reasons not shown in the record, Judge Brown failed to take further action on the file and resigned later that same year. In August, 1989, Rathert’s attorney petitions Judge Brown’s replacement, Judge Terry Boyd. Judge Boyd testified at the 1996 trial that upon receiving this petition in September, 1989, he contacted Judge Brown, who was working for Legal Services in Pierre, South Dakota. After reviewing Judge Brown’s file, the Court file and thoroughly discussing the matter- with Judge Brown, Judge Boyd issued a “Judgment” which was filed on September 18, 1989, containing the following language:
*165 “Phis matter having been properly noticed and heard upon the Complaint at the Fort Peck Tribal Court, Poplar, Montana, on the 27th day of July, 1988, and the jury having decided to award the sum of $4,000 with interest thereon at the rate of 16% per annum as well as costs including attorneys fees, as attested to in the Affidavit of David L. Irving attached hereto, confirmed by Judgment on Jury Verdict entered herein on August 8, 1988 and in consideration of the Affidavit in support thereof;
IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff have and recover from Defendants, judgment in the sum of $4,000.00 with interest thereon at the rate of 16% per annum from the date of Judgment, August 8, 1988, and $10,482.70 for attorney’s fees, with interest thereon at the rate of 10% per an-num from the date hereof until paid, making the total of Judgment to be $14,482.70.” (our emphasis)
Inasmuch as the judgment incorrectly awarded the $4,000 to the Plaintiff, Judge Boyd caused an “Order Correcting Judgment Nunc Pro Tunc” to be filed on October 30, 1989.
Reiser died on July 14, 1994. According to the record and testimony at the 1996 trial, no efforts were ever made by Rat-hert to collect the amounts awarded during Reiser’s lifetime.
On August 16, 1994, Rathert filed a “Motion and Order for Renewal of Judgment Lien”, which was granted on the same day by Tribal Judge Robert Welch. The record fails to show any notice of this Motion to Reiser or the personal representative of his estate. On August 17, 1994, Rathert filed a claim with the Bureau of Indian Affair's against the Estate of Reiser based upon the August 8, 1988 “Judgment on Jury Award” and the “Judgment” issued on September 18, 1989 and subsequently corrected on October 30, 1989, nunc pro tunc. Copies of these documents were then filed in Tribal Court and forwarded by Rathert’s attorney to Mary L. Zemyan, Esq., attorney for1 the Administrator/Appellant Fitzsimmons on March 9, 1995. The claim consisted of the original $4000 jury award, attorney’s fees in excess of $10,000, together with interest thereon, altogether totaling in excess of $23,000.
A hearing was held on Rathert’s claim on January 8, 1996 and it was determined to be a contested claim. A supplemental hearing was then held on February 12, 1996. Following the February 12 hearing, an affidavit by former Tribal Judge Terry Boyd was filed, detailing his review of his conversation with, and the notes of, Judge Brown. On April 1, 1996, the Estate filed an Objection to Claim, together with supporting affidavits.
On October 7, 1996, a final hearing was held, wherein the Court heard testimony from the affiants, considered all of the evidence from the previous hearings, and listened to oral arguments of counsel. An Order Granting Creditor’s Claim was pronounced in open Court on the same day and was reduced to writing on or after October 16, 1996. The Estate appeals from this order citing various errors.

ISSUES PRESENTED

The Estate would like us to review five (5) issues, as follows:
1. Did the judgment entered on August 8, 1988 expire by operation of law on August 8,1993?
2. Was the ex parte judgment on September 18, 1989 entered improperly and if so, was it a legitimate basis for the claim against the decedent?
*166 3. Was the Estate denied its rights to appeal the 1989 judgment due to lack of proper service?
4. Did the claimant fail to comply with the Rules of Civil Procedure when seeking renewal of the judgment in 1994?
5. Did the Tribal Court err when it allowed the creditor’s claim based on the September, 1989 judgment?
In its Order Granting Creditor’s Claim, the Court made various findings of fact and conclusions of law. Finding of Fact # 13 stated: “At the time of Reiser’s death, no payments had ever been made on the Judgment dated September 18, 1989, it had not been satisfied, and said Judgment had not expired ” (our emphasis). In our opinion, the concluding phrase in Fact # 13 (emphasized above) is not a factual finding, but rather, is a conclusion of law. Inasmuch as Conclusion of Law # 1 in the order, contains substantially the same phrase, we disregard that portion of Fact # 13 and treat the matter as a conclusion of law, as it should have been in the first instance.
We note that the Order appealed from does not contain any reference to the 1988 judgment insofar as the defendant Rat-hert’s award. However, Conclusion of Law # 2 in the Order does refer to the 1988 judgment as having expired insofar as Reiser’s award, due to the fact that it was not renewed:
“2. Pursuant to Title IV C.C.O.J. Section 306, because Reiser did not renew the judgment awarded in 1988 in the amount of $1,219, said judgment expired and was not enforceable at any time after the five (5) years had expired.”
We find this a curious result in that both awards find their genesis in the same “Judgment on Jury Award” issued on August 8, 1988. We conclude that the issue of whether the 1988 “Judgment of Jury Award” had expired, as to all -parties, is pivotal to the resolution of this matter. Therefore, we focus our discussion on that singular issue.

STANDARD OF REVIEW

Title I CCOJ Section 201 provides: “The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.”
While the Tribal Court stated that the 1989 judgment was enforceable using the label of “Conclusion of Fact”, it is obvious that such finding is a “Conclusion of Law”. Therefore, we treat that conclusion herein as having been erroneously “labeled”. Our reasoning is fortified by the fact that the same finding appears in substantially the same form in Conclusion of Law # 2, as cited above.
All matters under our review herein are matters of law and thus, we review them d.e novo.

DISCUSSION

Appellant contends that the 1988 Judgment expired by operation of law on August 8, 1993 inasmuch as neither of the parties sought to renew the judgment during the five (5) allowed by Title IV CCOJ § 306[1]. The Tribal Court agreed with this *167 contention insofar as Reiser’s award was concerned (Conclusion of Law # 2, cited above), however, disagreed regarding Rat-hert’s award, ostensibly due to the fact that Rathert’s award for attorney’s fees was not quantified and memorialized until September, 1989, more than one year after the original “Judgment on Jury Award”. The transcript from the October 7, 1996 hearing, reads:
“Judge Spotted Bird: ‘As far as the . .. judgment of jury verdict. That’s basically what it is..is a judgment of jury verdict. It’s not an order of the Court. And listening to the testimony that’s been presented, today, by former Judge Boyd ... the judgments ... the orders that he entered on September 18th and the 30th of October ... in conference with Judge Brown ... basically, what he did was ... to do the order for Judge Brown. In the continuing action from 1988. So, that would be the date of entry, as far as the judgment is concerned. At this point in time, the Court is going to allow the defendant to file by Mr. Irving against the estate of Mr. Reiser.’ ” (Court Transcript, page 53, lines 10-18)
The Court fails to explain how it is that Rathert’s portion of the “Judgment on Jury Award” is still alive and well and that Reiser’s portion expired promptly after the five (5) years lapsed. We can only assume that the Court inadvertently missed the fact that both of the specified awards (Reiser’s $1219 and Rathert’s $4000) sprang from the same well—the “Judgment on Jury Award”. We do note that the $4000 award to Rathert was recited “anew” in the September 18th judgment and the attorney’s fees was quantified for the first time. However, the judgment of September 18th, modified nunc pro tunc on October 30th, has no life to give of its own, apart from it’s progenitor, the “Judgment on Jury Award”, entered on August 8, 1988. Hence, the life of that judgment and. any and all amendments thereto, would be five (5) years from August 8, 1988. In the absence of an application for renewal pursuant to § 307[2], the August 8, 1988 judgment expired on August 8, 1993.
We have no problem with the idea that our Tribal Courts have the right and authority to make each and every one of their judgments to “speak the truth”. And that’s exactly what former Judge Boyd did. However, to suggest that the September 18th had a life of its own, and to further suggest that “that life” of five years'given by § 306 began on the same day, (September 18, 1989) is fatally flawed. We liken the Judgment of September 18th by Judge Boyd to be in the nature of a “nunc pro tunc” amendment. To rule otherwise would be tantamount to giving our Courts the license to issue any and all orders they deem warranted, without benefit of due process of law. Further, to rule otherwise would also give our Courts the authority, as is sought herein by claimant, to extend the life of a judgment in contravention to the clear language of our Tribal Council in § 306.
The Court’s characterization of the ‘Judgment on Jury Award’ as “.. . not an order of the Court” belies the title of the document itself, as well as the fact that it was signed by Judge Brown, a Tribal Court Judge, “attested” to by the clerk, and mailed via certified mail to both counsel of record. Surely, Judge Brown in *168 tended more than to just inform counsel of the jury’s verdict which everyone had already listened to in open court. Further, according to the Tribal Court this “non-judgment” expired pursuant to § 306’s five year life for judgments (see Conclusion of Law # 2). There can be little doubt that the August 8, 1988 “Judgment on Jury Award” was a judgment pursuant to § 301, which reads:

“Judgments.

A judgment shall be entered in each civil case. The judgment shall be for money or other relief or for dismissal. A judgment is complete and shall be deemed entered when it is signed by the judge and filed with the clerk.”
We find that the August 8, 1988, Judgment expired on August 8, 1993. We further find that the September 18, 1989 judgment was, at best, an amendment to the 1988 judgment and did not extend the life beyond the five (5) years granted by § 306. The application for renewal filed on August 16, 1994 was not timely and the Tribal Court had no authority to extend an otherwise expired judgment. The fact that the September 18, 1989 judgment stated, on its face, that its origin was “.. . confirmed by Judgment on Jury Verdict entered herein on August 8, 1988” rendered the Order for Renewal of Judgment Lien, issued on August 16, 1994, void on its face.
Since the August 8, 1988 judgment and its progeny of September 18, 1989 and October 30, 1989, expired on August 8, 1993 by operation of law, there was no legitimate basis for a claim in favor of Rathert against the Estate of Reiser.
The Order Granting Creditor’s Claim is reversed and the matter is remanded to the Tribal Court.
CONCUR: GARY M. BEAUDRY Associate Justice, CARROLL J. DeCOTEAU, Associate Justice.

. Sec. 306. Life of judgment.
No judgment of the Court lor money shall be enforceable after five (5) years from the dale of entry, unless application to renew the judgment shall have been filed before the date of expiration pursuant to Section 307.

. Sec. 307. Renewal of judgment.
Upon application of the judgment creditor prior to the expiration of five (5) years after the date of the entry of a judgment for money, the Court shall order the judgment renewed and extended for an additional five (5) years.